UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-0772-CVE-TLW |
| ) | |
| JOHN M. MCLEMORE, individually ) | |
| and d/b/a Mack's Grill, and ) | |
| WARBUCKS LLC, an unknown business ) | |
| entity d/b/a Mack's Grill, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is Defendants' Motion to Dismiss for Failure to Timely Serve Summons (Dkt. # 14). Defendants John M. McLemore and Warbucks LLC (Warbucks) ask the Court to dismiss plaintiff's claims, because plaintiff failed to serve them within 120 days of filing the complaint. Dkt. # 14, at 1-2. Plaintiff responds that it served defendants six days after the 120 day deadline expired, and it can show good cause for the brief delay in serving defendants. Dkt. # 18, at 3. Defendants have not filed a reply in support of their motion to dismiss.

On December 6, 2010, plaintiff filed this case alleging that it had the exclusive broadcasting rights to a program and defendants showed the program at Mack's Grill in Tulsa, Oklahoma without obtaining a sublicense from plaintiff. Dkt. # 2, at 2-3. Plaintiff's counsel attempted to serve McLemore and Warbucks, through McLemore as Warbucks' registered agent, at a Tulsa address, because records maintained by the Oklahoma Secretary of State identified McLemore as Warbucks' registered agent. Dkt. # 18, at 1. However, McLemore had moved to Edmond, Oklahoma and he failed to update the Oklahoma Secretary of State as to the correct address for service upon

Warbucks. Plaintiff attempted to serve McLemore and Warbucks at the Tulsa address using a process server, but the process server found that this was no longer the correct address for McLemore. Id. at 2. Plaintiff's counsel conducted a background check on McLemore and determined that he had moved to Edmond. Plaintiff hired a process server to serve defendants in Edmond, and McLemore and Warbucks were successfully served on April 11, 2011. There is no dispute that defendants were properly served 126 days after the complaint was filed.

The Federal Rules of Civil Procedure require a plaintiff to serve each defendant within 120 days of filing the complaint, or the Court must dismiss the plaintiff's claim against any defendant who has not been served or permit the plaintiff to serve the defendant within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff can show "good cause" for failing to serve the defendant within 120 days, the court shall allow the plaintiff additional time to effect service. The Tenth Circuit has created a two-step analysis to assist district courts when considering whether to grant a plaintiff's request for additional time:

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Excuses for failing to serve a party, such as inadvertence, omission, or neglect, do not constitute good cause. In re Kirkland, 86 F.3d 172, 175 (10th Cir. 1996); Cox v. Sandia Corp., 941 F.2d 1124, 1125-26 (10th Cir. 1991). A court must consider a plaintiff's argument as to the existence of good cause and make specific findings on those arguments or the court's decision to deny additional time to effect service is "merely abuse

2

of discretion and inconsistent with the spirit of the Federal Rules." ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1459 (10th Cir. 1995).

Defendants ask the Court to dismiss plaintiff's claims without prejudice to refiling, because plaintiff failed to serve them within 120 days of filing the complaint. Plaintiff responds that it can establish good cause for serving defendant after the 120 day deadline had expired, and its claims should not be dismissed under Rule 4(m). Plaintiff identified the registered agent for Warbucks using records maintained by the Oklahoma Secretary of State, and learned that McLemore was the registered agent for Warbucks. Plaintiff attempted to serve defendants using the address for McLemore provided by the Oklahoma Secretary of State. However, McLemore failed to update the Oklahoma Secretary of State when he moved to Edmond, and plaintiff was unable to serve defendants at the address listed in the public records. It was reasonable for plaintiff to rely on public records identifying the address for McLemore when trying to serve McLemore personally and in his capacity as Warbucks' registered agent. When plaintiff learned that McLemore no longer resided at the Tulsa address, it conducted a background check and found an Edmond address for McLemore. Plaintiff's counsel hired a process server and served McLemore and Warbucks six days after the 120 day deadline expired. Defendants do not argue that they have been prejudiced by a six day delay in receiving service, and they did not reply to plaintiff's argument that plaintiff had good cause for serving defendants after the 120 day deadline had expired. The Court finds that plaintiff has established good cause for failing to serve defendants within 120 days of filing the complaint, and defendants' motion to dismiss should be denied. In addition, even if the Court had not found good cause, the Court would have exercised its discretion to grant plaintiff a permissive extension of time under Rule 4(m). See Espinoza, 52 F.3d at 841. Defendants were properly served only six days

3

after the deadline to timely serve defendants expired, and dismissing this case "would result in the re-filing of the same claims against defendant, and this would cause the Court to open a new case and would delay discovery in this case." Turnbull v. Toliver, 2011 WL 1541326, *2 (N.D. Okla. Apr. 21, 2011).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to Timely Serve Summons (Dkt. # 14) is **denied**.

**DATED** this 17th day of June, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT